68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Keith CLARK, Plaintiff-Appellant,
v.
Sherri RAYBURN, Recovery Services Coordinator, et al.,
Defendants-Appellees.
 No. 95-3088.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 Before: KRUPANSKY, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Edward Keith Clark appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Clark filed his complaint and an amended complaint in the district court alleging that he was confined to disciplinary segregation for 10 days after a urine sample he was forced to provide tested positive for marijuana use. Plaintiff named the defendant prison officials in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved for summary judgment, and plaintiff responded in opposition. The district court granted summary judgment for defendants.
 
 
 3
 The district court granted plaintiff leave to proceed in forma pauperis on appeal. On appeal, plaintiff contends that: (1) he exhausted available administrative remedies prior to filing suit; and (2) prison policy required a second urine test after the initial test produced a false result. Defendants respond that: (1) plaintiff received due process in the prison disciplinary proceedings; (2) defendants are entitled to qualified immunity from suit for damages; and (3) defendant Tate was not personally involved in the matters at issue in this case.
 
 
 4
 Upon consideration, the judgment of the district court is affirmed for reasons other than those stated by the district court in part. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985) (per curiam). In Sandin v. Conner, 115 S. Ct. 2293 (1995), the Supreme Court decided that no constitutionally protected liberty interest is implicated in ordinary prison disciplinary proceedings resulting in a confinement in disciplinary segregation for 30 days or less. Id. at 2300-02. This decision, rendered after the district court's judgment, applies retroactively to this case. See Harper v. Virginia Dep't of Taxation, 113 S. Ct. 2510, 2517 (1993). Thus, plaintiff simply was not deprived of a liberty interest in the disciplinary proceedings. Moreover, it is noted that plaintiff's claims that the disciplinary proceedings were infirm otherwise lack merit for the reasons noted by the district court. Finally, plaintiff's contention on appeal that he exhausted administrative challenges to the disciplinary conviction is not relevant to the judgment on appeal.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.